MARK A WEISS,

        Petitioner,

        Case No. 21-cv-0532-bhl

v.

STATE OF WISCONSIN,

        Respondent.

## ORDER DISMISSING HABEAS PETITION

On April 26, 2021, petitioner Mark A. Weiss, who is currently incarcerated at the Wisconsin Resource Center in Winnebago, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.) On the same day, Weiss also filed a motion for leave to proceed without prepaying the filing fee along with his prisoner trust fund account statement. (ECF Nos. 2, 3.) In his petition, Weiss raises challenges related to his convictions in Kenosha County Circuit Court in two criminal cases, 16-CF-1249 and 17-CF-1155, for arson and felony violation of a no contact order. (ECF No. 1 at 2.) The state court entered a judgment of conviction and sentenced Weiss on both counts on February 8, 2021. (*Id.*) Weiss indicates that his attorned filed a direct appeal, which is "still pending." (ECF No. 1 at 3.)

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen the amended petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims, if those claims have been exhausted in state court, and if the petition was timely filed.

Weiss asserts two grounds for relief in his petition, both apparently based on ineffective assistance of his trial counsel. (ECF No. 1 at 6-7.) A district court may not address the merits of

a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Weiss's judgment of conviction was entered less than six months ago, and he admits his direct appeal remains pending, although he claims he doesn't "know what's going on with this appeal." (ECF No. 1 at 3.) Because Weiss has not yet exhausted his state court remedies, he cannot proceed with a habeas petition related to these convictions at this time. The Court will therefore dismiss his petition without prejudice so that he can complete and exhaust his state court remedies.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Weiss's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on July 20, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge